UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEANDRE WALTON, ) | |
| ) | |
| Plaintiff, ) | |
| v.  ) | No. 4:24-cv-00298-SEP |
| ) | |
| ST. LOUIS CITY POLICE DEPARTMENT, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Before the Court is pro se Plaintiff DeAndre Walton's Application to Proceed in District Court without Prepaying Fees or Costs, Doc. [2]. For the reasons set forth below, the motion is granted, and Plaintiff will be assessed an initial partial filing fee of $1.00. On initial review of the Complaint, the case is stayed and administratively closed.

### INITIAL PARTIAL FILING FEE

A prisoner bringing a civil action is required to pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20% of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner must make monthly payments of 20% of the preceding month's income credited to the prisoner's account. *Id*. § 1915(b)(2). The agency having custody of the prisoner will forward the monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid.  *Id.*

Plaintiff has not submitted an inmate account statement as required by 28 U.S.C. § 1915(a)(2). After reviewing the information contained in the motion, the Court will assess an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (a court may assess an initial partial filing fee "that is reasonable, based on whatever information the court has about the prisoner's finances"). If Plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his inmate account statement in support of his claim.

## FACTS AND BACKGROUND

Based on a review of Missouri's state court online docketing system, on May 22, 2022, a grand jury in the City of St. Louis returned a five-count felony indictment against Plaintiff. Plaintiff was charged with two counts of murder, two counts of armed criminal action, and unlawful possession of a firearm. *See State v. Walton*, No. 2222-CR00369-01 (22nd Jud. Cir. filed May 22, 2022). Those charges stem from the murder of two men on February 28, 2022.

In the underlying state court criminal prosecution, Plaintiff filed motions to suppress evidence and statements, both of which were denied on February 21, 2024. On the same day, Plaintiff filed a written waiver of counsel, but at a hearing on February 26, 2024, the state court found that Plaintiff had not knowingly and intelligently waived his right to counsel. He was appointed new counsel through the Missouri State Public Defender System.

Plaintiff is now awaiting trial at the St. Charles County Correctional Center. He brings this 42 U.S.C. § 1983 action against the St. Louis City Police Department and Officers Brandon Wyms and Terron Murphy, alleging that his constitutional rights were violated when the officers illegally searched his car, interrogated him without giving a *Miranda* warning, and falsely arrested him. *See* Docs. [1], [4]. Plaintiff does not state in what capacity he is suing Defendants. Plaintiff states that he has sustained mental and physical injuries including depression, weight gain, high blood pressure, kidney disease, sleep deprivation, and stress. For relief, he seeks $250,000 to reimburse him for the loss of his car and his business while he has been incarcerated.

## Legal Standard

The Court is required to review a complaint filed *in forma pauperis* and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). If a court determines at any time that it lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3).

An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. That standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. The Court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

District courts must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," courts should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). But even pro se complaints must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). District courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, or interpret procedural rules to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## DISCUSSION

In *Wallace v. Kato*, the Supreme Court observed that, where a plaintiff files a civil claim that is "related to rulings that will likely be made in a pending or anticipated criminal trial," "it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." 549 U.S. 384, 393-94 (2007). Otherwise, the Court and the parties are left to "speculate about whether a prosecution will be brought, whether it will result in conviction, and whether the impending civil action will impugn that verdict, all this at a time when it can hardly be known what evidence the prosecution has in its possession." *Id.* at 393 (quoting *Heck v. Humphrey*, 512 U.S. 477, 487 n.7 (1994)).

Plaintiff's § 1983 claim is related to the criminal charges pending against him in state court. *See State v. Walton*, No. 2222-CR00369-01 (22nd Jud. Cir. filed May 22, 2022). The arrest and interrogation Plaintiff claims violated his constitutional rights occurred during the

3

investigation that led to the murder and gun charges. His claims are "related to rulings that will likely be made in a pending or anticipated criminal trial." *Wallace*, 549 U.S. at 393. As such, the principles of comity and judicial economy dictate that the case should be stayed until the underlying criminal matter against Plaintiff has been resolved. *See, e.g.*, *Vonneedo v. Dennis*, 2017 WL 5904005, at *2 (E.D. Mo. Nov. 30, 2017) (staying a § 1983 case alleging unconstitutional search and seizure under principles articulated in *Wallace v. Kato*); *Anderson v. Robinson*, 2013 WL 4502598, at *1 (E.D. Mo. Aug. 22, 2013) (same).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs, Doc. [2], is **GRANTED**.

**IT IS FURTHER ORDERED** that the Plaintiff must pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include on it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that all proceedings in this case are **STAYED** pending final disposition of the criminal charges pending against Plaintiff in *State v. Walton*, No. 2222-CR00369-01 (22nd Judicial Circuit, St. Louis City Court).

**IT IS FURTHER ORDERED** that Plaintiff must notify the Court in writing about the final disposition of the criminal charges pending against him in *State v. Walton*, Case No. 2222-CR00369-01 (22nd Judicial Circuit, St. Louis City Court).

**IT IS FINALLY ORDERED** that this case is **ADMINISTRATIVELY CLOSED** pending final disposition of the criminal charges against Plaintiff and may be reopened by Plaintiff's filing of a motion to reopen the case after such final disposition.

Dated this 30th day of April, 2024.

*[signature]*

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE